Tamaeeebo, J.
The plaintiff sues for a tract of land lying in the parish of Bossier. His averments of title are 1st: A deed from Ann Schéniick, widow of Abner Schenick, deceased, and surviving mother of the only child of tlieir marriage. 2d. United States patents to Abner Schenick.
The defendants claim, by purchase from J. B. Gilmor, who bought the land at a probate sale of the property of Abner Schenick’s estate. In the lower Court judgment was rendered in favor of the defendants, and the plaintiff has appealed.
This suit was commenced in 1860, in the parish of Bossier, and after some proceedings had there, it was by agreement of parties transferred to the parish of Caddo.
Abner Schenick’s succession was opened in the parish of Caddo, in the year 1844. An administrator was regularly appointed in September of that year, and inventories were taken in the parishes of Bossier and Caddo.
The administrator caused all the property of the succession to be sold, and filed a tableau of debts on the 21st of October, 1846.
The plaintiff attacks the probate proceedings throughout, and alleges numerous illegalities in the administration of the estate. In an amended petition, he avers that Schenick’s succession was opened in the parish of Bossier, and avers the nullity of the administration in Caddo. He has adduced no evidence to support the allegations of the amended answer, and seems to have abandoned them.
It will not be necessary to examine objections taken to the proceedings prior to the date of the order of sale. A purchaser at a probate salé .is not required to look beyond the decree recognizing its necessity. 13 L. 434. 14 L. 146. 7 Rob 66. 2 An 468.
We find that the administrator filed a petition in the proper CoTirt, setting forth that there was land belonging to the estate, in the parish of Bossier, which had been previously inventoried; that it was necessary to splj the foüd> in order to enable him to pay the debts of the succession, *355 and he prayed an order of sale of the land to be made on a credit of twelve months, the purchaser to be required to give the usual security for the payment of the price. An order was rendered on the 9th of November, 1844, as prayed for. The tableau of debts filed in October, 1846; shows clearly that the estate was insolvent, and that the necessity for the sale of the land did exist at the time, the sale was invoked. The plaintiff alleges that no commission issued from the parish of Caddo, authorizing the sale of the land in Bossier ; that the land was sold under an order of the Court of probates of the parish of Bossier, which had not jurisdiction.; that no return of a proces-verbal of sale was made to the parish of Caddo. The proces-verbal of a sale by the probate Judge of Bossier commences with the usual caption, “ State of Louisiana, parish of Bossier, ” and recites that sale was made of the land pursuant to an order and decree of the Court of probates in and for said parish.
A scrutiny of the record of the proceedings satisfies us that this was a mere clerical error. It is clear that the succession was opened in Caddo, although, unadvisedly, no doubt some incipient proceedings were had, as already remarked, in Bossier, yet by consent they were transferred to Caddo, and this was done before an administration had been taken out. The plaintiff appears to have erroneously instituted this suit in Bossier,"liis petition and amended petition being addressed to the probate Court of Bossier, and this is all that was done there in this case, except the taking of the inventory and the making of the sale. The entire proceedings, 'with these exceptions, were carried on in the parish of Caddo. The proces-verbal of the taking of the inventory in Bossier, on the 23d October, 1844, recites that it was made under an order from the parish of Caddo.
It is not shown that any petition for an order of sale of the land in question was ever presented to the probate Court of Bossier, nor that an order of that Court was ever rendered for such sale. Doubtless, no such petition was ever presented or such order granted. We find in the bill of costs of the clerk of the parish of Caddo against the estate, charges for two commissions. Against the date of September 3d, 1844, is the item “commission to Bossier.” This is evidently the commission for making inventory and appraisement of the land in Bossier. The proces-verbal of the making inventory there is dated October 23d, 1844. Afterwards, against the date of 20th October, same year, is the item “Commission to Bossier,” and the proces-verbal of sale is dated 3d January, 1845. These are the only charges in the bill of fees for commissions, and it is manifest that none others were ever issued. The intervals of time that elapsed between the date of the orders and their execution, taken with the other facts, render the.conclusion satisfactory, that the recita], in the deed referred to, was a clerical error, and one that might easily be made.
The objection that the order of sale directed the land to be sold on a credit of twelve months, without requiring it to be first offered for cash, we consider to be of no weight. Creditors have the right to require the Sale of succession property to be made for cash, if their debts are due, provided it bring its appraised value. Code of Practice, 990. But this is optional with them. But here, creditors are not complaining ; neither’ is it shown that any injury has resulted from the administrator’s *356 having taken his o.rder for a sale on twelve months' credit, without-asking for the preliminary act of offering the property for sale for cash. The presumption is rather in favor of his having done an act beneficial rather than injurious to all parties concerned. We do not construe Article 990 of the Code of Practice, as requiring imperatively in all cases, the .preliminary offering for sale the property of estates for cash.
Another ground of illegality alleged by plaintiff is, that no proces-verbal of the sale of the land was returned to and recorded in the parish of Caddo. Th& proces-verbal of the sale was of record in the parish of Bossier, where the land lies, in the year 1852, as shown by a certificate of the deputy clerk of that parish, dated 28 th April, 1852. This was some eight years before the plaintiff purchased, and at least it was notice to him. The omission, if it were omitted, to record the proces-verbal of sale in Caddo was not one of so grave a character as to operate a nullity*of the sale. On the trial of this case, in the early part of 1862, it was taken down as an admission that plaintiff had been for three or four years previous, clerk of the parish of Caddo, and had charge of the papers-of Schenick-’s . estate.
The debts of the succession of Abner Schenick were community debts,- and the property was community property, and bound for the payment of the community debts. The plaintiff’s vendor was the widow in commu1 nity, and her rights as well as those of the heir were only residuary. It is shown that Hart, the administrator, who was a principal creditor of the-estate, was solicited by the widow to take upon himself the administration. He appears to have discharged the trust with fidelity.
The title of the estate, to the land in question was, in our view, legally • divested by the probate sale made in January, 1815 ; consequently, in 1860, at the time the plaintiff received the deed from Ann Schenick, she had no right in the land to convey.
It is therefore ordered, adjudged and decreed, that the judgment of the-District Court be affirmed, with costs in both courts.